**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>(1) JAMES DEAN,<br>(2) ASCEND COMMERCIAL BUILDERS, LLC,<br>(3) INTEGRITY GENERAL CONTRACTING & CONSTRUCTION, LLC,<br><br>Defendants. | ) | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, Nautilus Insurance Company ("Nautilus" or "Plaintiff") by and through counsel of record, and for its causes of action against the Defendants James Dean ("Dean"), Ascend Commercial Builders, LLC ("Ascend") and Integrity General Contracting & Construction, LLC ("Integrity," collectively "Defendants"), alleges and states as follows:

**JURISDICTION, PARTIES, & VENUE**

1. Plaintiff Nautilus is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in the State of Arizona.

2. Defendant Dean is a natural individual who is a resident, domiciliary and citizen of the State of Oklahoma.

3. Defendant Ascend is a limited liability company organized and existing under the laws of the State of Oklahoma. On information and belief, all of Ascend's members are citizens of states other than Arizona.

4. Defendant Integrity is a limited liability company organized and existing under the laws of the State of Oklahoma. On information and belief all of Integrity's members are citizens of states other than Arizona.

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000 exclusive of interest, attorney's fees, and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims made the basis of this action occurred within this Court's judicial district.

## INTRODUCTION

7. Nautilus seeks a judicial determination that, pursuant to the terms of the insurance policy it issued to Integrity, Nautilus has no duty to defend or indemnify either Ascend or Integrity in connection with the underlying lawsuit styled *James Dean v. Ascend Commercial Builders, LLC, et al.,* cause number CJ-2026-2310, filed in the District Court of Oklahoma County, Oklahoma.

## STATEMENT OF OPERATIVE FACTS

8. Nautilus incorporates the above paragraphs as though stated below verbatim.

9. In 2023, Ascend, a building contractor, was selected for a pool construction project ("Project") in Alva, Oklahoma.

10. Integrity was retained by or on behalf of Ascend to perform concrete services on the Project.

11. On or about June 24, 2024, Dean, a worker on the Project and an employee of Integrity, was injured in a trench collapse incident.

12. On or about March 27, 2026, Dean filed case number CJ-26-2310 in the District Court in and for Oklahoma County, State of Oklahoma, a matter captioned *James Dean v. Ascend Commercial Builders, LLC, et al*. ("Underlying Litigation"). Therein Dean sets forth alleged causes of action sounding in negligence against Ascend in connection with the bodily injury incident ("Incident"). Attached hereto as Exhibit 1 is a true and correct copy of Dean's Petition filed in the Underlying Litigation.

13. Dean's Petition explicitly acknowledges his own status as an employee of Integrity. (Ex. 1, ¶ 30.)

14. On or about April 28, 2026, Ascend filed a Third-Party Petition in the Litigation against Integrity. Therein Ascend alleges that, pursuant to theories of contractual indemnity, equitable indemnity and/or contribution, Integrity must shoulder or share in liability, if any, Ascend has to Dean in connection with the Incident at the Project. Attached hereto as Exhibit 2 is a true and correct copy of Ascend's Answer and Third-Party Petition filed in the Litigation.

15. Ascend's Answer and Third-Party Petition filing explicitly acknowledges Dean's status as an employee of Integrity. (Ex. 2, pp. 10, 14.)

**THE POLICY**

16. Nautilus issued Policy Number NN1668244 to Integrity for the period of March 6, 2024 to March 6, 2025 (the "Policy"). Attached hereto as Exhibit 3 is a true and correct copy of the Policy (with premium information redacted).

17. The Policy includes Commercial General Liability ("CGL") coverage and, as relevant here, the CGL Coverage Part provides coverage for sums an insured becomes legally obligated to pay as damages because of "bodily injury" which occurred during the policy period and was caused by an "occurrence." (Exhibit 2, p. 17.) The insuring agreement further states in relevant part: "We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." (*Id.*)

18. The Policy includes Endorsement L205 (11/10), Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers, which replaces exclusion e. Employer's Liability exclusion in its entirety and which states in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Exclusion **e. Employer's Liability** of **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:

**e. Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

**(1)** "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

**(2)** Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

**(a)** Employment by any insured; or

**(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or

**(3)** The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph **(1)** or **(2)** above.

This exclusion applies:

**(1)** Regardless of where the:

**(a)** Services are performed; or

**(b)** "Bodily injury" occurs; and

**(2)** Whether any insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

…

All other terms and conditions of this policy remain unchanged.

(Exhibit 2, p. 39.)

19. The Policy also includes Endorsement L217 (06/17) – Exclusion – Punitive or Exemplary Damages, which states in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

…

The following exclusion is **added** to **2. Exclusions** of **Section I**:

> This insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior.

All other terms and conditions of this policy remain unchanged.

(Exhibit 2, p. 41.)

20. The Policy also includes a definitions section, reading in pertinent part:

**SECTION V – DEFINITIONS**

…

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

…

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

> 19. “Temporary worker” means a person who is furnished to you to substitute for a permanent “employee” on leave or to meet seasonal or short-term workload conditions.
>
> 20. “Volunteer worker” means a person who is not your “employee”, and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

21. There is an actual, present, and existing controversy between Nautilus and the Defendants regarding Nautilus’ obligations under the Policy in connection with the Underlying Litigation.

22. Pursuant to 28 USC § 2201, *et seq*., Nautilus seeks a judicial declaration of its rights and duties under the Policy. The Court’s declaration(s) will confer certainty on the parties and serve the interests of justice.

**REQUEST FOR RELIEF- COUNT ONE - DECLARATORY JUDGMENT (NO DUTY TO DEFEND OR INDEMNIFY ASCEND)**

23. Nautilus adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

24. Based upon the facts alleged in the Underlying Litigation and the information known to date, Dean seeks damages in the Underlying Litigation against Ascend that qualify as damages “because of” bodily injury. However, bodily injury to an employee of *any* insured is excluded from coverage, pursuant to Endorsement L205. There is no “insured contract” exception to the exclusionary language set forth in Endorsement L205. Dean is an employee of Integrity and hence an employee of any insured.

25. Furthermore, even if coverage were otherwise contractually provided for, such coverage would be "void and unenforceable as against public policy" pursuant to 15 O.S. § 221.

26. Accordingly, all damages sought by Dean as against Ascend are excluded from coverage, and Nautilus has no duty to defend or indemnify Ascend for the damages alleged by Dean in the Underlying Litigation.

**REQUEST FOR RELIEF- COUNT TWO - DECLARATORY JUDGMENT (NO DUTY TO DEFEND OR INDEMNIFY INTEGRITY)**

27. Nautilus adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

28. Based upon the facts alleged in the Underlying Litigation and the information known to date, Ascend seeks damages in the Underlying Litigation against Integrity that qualify as damages "because of" bodily injury. However, bodily injury to an employee of any insured is excluded from coverage, pursuant to Endorsement L205. There is no "insured contract" exception to the exclusionary language set forth in Endorsement L205. Dean is an employee of Integrity and hence an employee of any insured.

29. Furthermore, even if coverage were otherwise contractually provided for, such coverage would be "void and unenforceable as against public policy" pursuant to 15 O.S. § 221.

30. Accordingly, all damages sought by Ascend as against Integrity are excluded from coverage, Nautilus has no duty to defend or indemnify Integrity for the damages alleged by Ascend in the Underlying Litigation.

**REQUEST FOR RELIEF- COUNT THREE - DECLARATORY JUDGMENT (NO DUTY TO INDEMNIFY PUNITIVE DAMAGES)**

31. Nautilus adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

32. As set forth in the pleadings, Dean seeks punitive damages as against Ascend in the Underlying Litigation. However, pursuant to Endorsement L217, punitive or exemplary damages are excluded from coverage.

33. Accordingly, Nautilus has no duty to indemnify Ascend for the punitive damages sought by Dean against Ascend.

34. In addition to the foregoing provisions, Nautilus pleads all other conditions, terms, provisions, limits, definitions, and exclusions of the Policy, which also may be found to be applicable as Nautilus' investigation of these claims continue, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff Nautilus Insurance Company respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including but not limited to declaring that Nautilus has no duty to defend or indemnify Ascend and/or Integrity in connection with the Underlying Litigation, and that any punitive damages recovery in the Underlying Litigation is not covered by the Policy. Nautilus further requests that it be awarded such further relief as the law may require or permit.

Respectfully submitted this 17th day of July, 2026,

/s/ John C. Lennon
John C. Lennon, OBA No. 30149
Tiffany D. Barker, OBA No. 35547
**PIERCE COUCH HENDRICKSON**
**BAYSINGER & GREEN, L.L.P.**
1109 North Francis Avenue
Oklahoma City, OK 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
Email: ***jlennon@piercecouch.com***
***tbarker@piercecouch.com***

***Attorneys for Plaintiff Nautilus Insurance Company***