

*106489280 5*

### IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

JAMES DEAN, an individual,                    )
                                              )
                    Plaintiff,                )
                                              )
    vs.                                       )
                                              )
ASCEND COMMERCIAL BUILDERS, LLC,              )    CJ-2026-
a domestic for-profit limited liability company,  )    111 _____
                                              )
and,                                          )
                                              )
STANDARD TESTING & ENGINEERING,               )
LLC (d/b/a STANDARD TESTING &                 )
ENGINEERING COMPANY and STANDARD              )
ENGINEERING, a domestic for-profit limited    )
liability company,                            )
                                              )
                    Defendants.               )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 27 2026

RICK WARREN
COURT CLERK

CJ - 2026 - 2 3 1 0

### PETITION

COMES NOW, Plaintiff, James Dean, individually, and for his cause of action against

Defendants, Ascend Commercial Builders, LLC, and Standard Testing & Engineering, LLC,

alleges and states as follows:

### JURISDICTION AND VENUE

1.    At all relevant times, Plaintiff James Dean was a citizen and resident of Woods

County, Oklahoma.

2.    Defendant Ascend Commercial Builders, LLC ("Ascend") is a domestic for-profit

limited liability company organized under the laws of the state of Oklahoma, conducting business

in Oklahoma with its principal place of business in Tulsa County, at 4870 S. Lewis Ave., Ste. 120,

Tulsa, Oklahoma 74105.

1

EXHIBIT 1

3.      Defendant Standard Testing & Engineering LLC ("Standard Testing") is a domestic for-profit limited liability company organized under the laws of the state of Oklahoma, conducting business in Oklahoma with its principal place of business in Oklahoma County, at 3400 N. Lincoln Blvd., Oklahoma City, Oklahoma 73105.

4.      The incident giving rise to this action occurred in Alva, Oklahoma, in Woods County.

5.      The matter in controversy exceeds $75,000.00 and jurisdiction and venue are proper with this Court.

<u>FACTUAL BACKGROUND</u>

Plaintiff hereby incorporates all other paragraphs of this Petition as though fully set forth herein.

6.      In or about October of 2023, the City of Alva published an invitation for bids to perform construction and renovation of the City of Alva's Hatfield Park Aquatics Center, located at 1402 Flynn Street in Alva, Oklahoma.

7.      The proposed project included demolition of the existing pool, construction of a new pool complete with a concrete pool deck, construction of a new Mechanical Building, and renovation of the existing Bathhouse.

8.      On or about November 17, 2023, Ascend submitted a bid to the City of Alva, Oklahoma seeking to be selected as the contractor for the Alva Hatfield Park Aquatic Center construction and renovation project (hereinafter referred to as "Project").

9.      Ascend is a commercial construction company serving Oklahoma and Northwest Arkansas, which holds itself out as specializing in complex projects.

2

EXHIBIT 1

10.     On or about December 20, 2023, Ascend was awarded the contract for the Project and, on December 29, 2023, Ascend executed a written Agreement with The City of Alva, Oklahoma for the Project.

11.     At all times relevant hereto, Ascend was contractually required to employ and provide a competent supervisor capable of providing experienced supervision over the work performed at the Project site and skilled in coordination of the trades involved in completing the Project.

12.     At all times relevant hereto, Ascend was contractually required to furnish all of the materials, supplies, tools, equipment, labor, and other services necessary for the construction and completion of the Project.

13.     At all times relevant hereto, Ascend was contractually required to assume responsibility for the premises of the Project for all work performed on the Project, including any work performed by Plaintiff and/or subcontractors.

14.     By agreeing to assume responsibility for the premises during the work performed on the Project, Ascend was responsible for the safety of the Project site at all times relevant to this action, and was required to ensure appropriate and necessary safety protection measures were utilized to protect workers and the public from risk of harm.

15.     Ascend had a duty to provide a reasonably safe place to work for those working at the Project site, including Plaintiff.

16.     At all times relevant hereto, Ascend was required to provide and maintain required protections for the work performed at the Project.

3

EXHIBIT 1

17.    At all times relevant hereto, Ascend had a duty to approve the working conditions at the Project site and to notify the City of Alva of any unsatisfactory condition on site before beginning to perform the work.

18.    Ascend was at all relevant times responsible for ensuring work on the Project site complied with all local, state, and federal codes, ordinances, rules, regulations, orders and other legal requirements of public authorities which bear on the performance of the work being performed at the Project site location.

19.    At all relevant times, Ascend was responsible for maintaining trench safety requirements in accordance with city, state and federal requirements, including OSHA, for all trenches.

20.    It was foreseeable to Ascend that the Trench at the Project site was a hazard and posed a real and present risk of serious bodily injury and/or death to workers on site, including Plaintiff.

21.    Defendant Standard is an engineering and field services company offering its services in the construction industry. Its services include but are not limited to geotechnical engineering, construction materials testing and inspection, construction management and owner representation, and laboratory testing.

22.    As part of Standard's geotechnical engineering services, it provides shallow and deep foundation requirements, slope stability analysis, and other services relating to geophysics and construction monitoring.

23.    Standard represents itself as employing a team of seasoned engineers and licensed and credentialed specialists in Oklahoma.

EXHIBIT 1

24.     As part of Standard's construction materials testing and special inspection services, it provides testing of concrete work, depth checks, foundational inspections, rebar inspections, and soil compaction tests.

25.     On some date prior to the date of the incident giving rise to this lawsuit, Standard was hired by Ascend to perform construction testing and inspections at the Project.

26.     Upon information and belief, the services Standard provided at the Project included geotechnical engineering services and construction material testing and inspection services.

27.     At all relevant times Defendant Standard was responsible for performing inspection services and geotechnical analysis relating to the work performed at the Project, including relating to the foundation and pit work for the Mechanical Building which Integrity and Plaintiff were working prior to and on the date of the incident.

28.     Integrity General Contracting & Construction, LLC ("Integrity") is a construction company located in Alva, Oklahoma which provides concrete services.

29.     Concrete work, like that offered and performed by Integrity, is a specialized service.

30.     At all relevant times hereto, Plaintiff was employed by Integrity General Contracting & Construction, LLC ("Integrity").

31.     On or about November 16, 2023, Integrity submitted an estimate to Ascend for performing concrete construction services at the Project. The estimate included labor and materials for the foundation and pit for construction of the Mechanical Building.

32.     At all relevant times hereto, Integrity and Plaintiff were engaged in specialized services at the Project.

33.     At all relevant times hereto, Integrity, Plaintiff, and other workers at the Project site were performing their services under the direction, supervision and control of Ascend.

5

EXHIBIT 1

34.    At all relevant times hereto, Integrity and Plaintiff were required to comply with health and safety requirements of Ascend.

35.    At all relevant times hereto, Integrity was required to check in with Ascend's Site Operations Manager prior to starting any work and before finishing any work each day.

36.    Ascend failed to exercise its supervisory control over the work performed by Integrity, Plaintiff, and others at the Project site with reasonable care so as to prevent the work being done from causing serious injury to others.

37.    At all relevant times hereto, Ascend retained the right to control the work being performed on the Project site.

38.    Ascend's retained right to control the work at the Project site included the right to initiate and maintain safety measures and programs, including but not limited to the implementation of safety protection systems.

39.    At all relevant times hereto, Ascend retained the right to control the premises of the Project site where work was to be performed.

40.    Ascend had the ability and opportunity to prevent the dangerous condition of the Trench from existing on the premises by exercising the power of control it retained over the Project site conditions but unreasonably failed to exercise that right.

41.    Ascend had the ability and opportunity to prevent the work from being performed in a dangerous manner by the exercise of its retained power of control over the work performed at the Project site but unreasonably failed to do so.

42.    At all relevant times hereto relating to the Trench, Ascend failed to exercise its control over the Project site with reasonable care for the safety of others, including Plaintiff.

6

EXHIBIT 1

43.    At all relevant times hereto, Ascend and Integrity were performing work on the same Project.

44.    Approximately two (2) months prior to the date of the incident giving rise to this lawsuit, an open trench was excavated at the Project site near where the foundation and pit concrete services were to be performed by Integrity for the Mechanical Building (hereinafter referred to as "Trench").

45.    The Trench remained in an unsafe, un-shored and unguarded condition, during that entire two (2) month period.

46.    The Trench was excavated at the direction of Defendant Ascend.

47.    Ascend failed to exercise reasonable care in directing the excavation of the Trench by failing to ensure proper safety protections were implemented.

48.    The Trench exceeded five (5) feet in depth and, in places was approximately six (6) feet deep.

49.    At no point prior to or on the date of the incident giving rise to this lawsuit were any protective systems guarding against cave-ins installed in the Trench.

50.    At no point in time did Ascend or Standard direct Integrity or Plaintiff that protective systems guarding against cave-ins were needed for safety purposes.

51.    At no point in time prior to the incident giving rise to this lawsuit did Plaintiff receive any training regarding trench safety.

52.    Prior to the incident giving rise to this lawsuit, Plaintiff was unaware that protective systems, like shoring or guarding, were required to be installed in the Trench before entering it to perform work.

7

EXHIBIT 1

53.     Prior to the incident giving rise to this lawsuit, Integrity was unaware that protective systems, like shoring or guarding, were required to be installed in the Trench before entering it to perform work.

54.     Plaintiff did not have prior experience working in trenches of the same nature and depth as the Trench on the Project site.

55.     Integrity did not have prior experience working in trenches of the same nature and depth as the Trench on the Project site.

56.     On or about June 24, 2024, Plaintiff was performing work in a trench at the Project site, applying waterproofing protector sheets against a concrete wall while Integrity owner, Stetson Vore, was operating a skid steer on ground above, dumping dirt into the trench for backfilling purposes.

57.     Plaintiff was in the Trench for approximately 15-20 minutes when a dirt wall of the trench suddenly caved in, crushing and entrapping his body from the waist down.

58.     Multiple first-responders arrived on scene and had to work to manually dig Plaintiff's body out of the caved-in dirt.

59.     Plaintiff remained entrapped in the caved-in dirt for more than thirty minutes before he was extricated by first responders and was able to be med-flighted for emergency, life-saving medical treatment.

60.     Plaintiff suffered catastrophic injuries as a direct and proximate cause of the trench collapse.

61.     As a result of the negligent actions and/or inactions of Defendants, Plaintiff suffered catastrophic and permanent physical injuries, past and future physical and mental pain and suffering, loss of earnings, and expenses for necessary medical care, past and future.

8

EXHIBIT 1

## FIRST CLAIM FOR RELIEF (Defendant Ascend)

### NEGLIGENCE

Plaintiff hereby incorporates all other paragraphs of this Petition as though fully set forth herein.

62.    Ascend, and its employees and/or agents, failed to exercise due care in its exercise of control, direction, and supervision over the premises of the Project and the work being performed at the Project.

63.    Ascend, and its employees and/or agents, failed to properly maintain and inspect the Project site to identify safety hazards.

64.    Ascend, and its employees and/or agents, failed to exercise reasonable care to correct dangerous conditions on the premises of the Project site over which Ascend had assumed control and responsibility.

65.    Ascend and its employees and/or agents failed to warn or to otherwise communicate the hazards of the work environment to Plaintiff at the Project site.

66.    Ascend failed to provide Plaintiff with a safe working environment.

67.    Ascend exercised control over the manner, method, and means of the work performed at the Project site, and over workplace conditions under which Plaintiff's work was performed.

68.    Ascend owed a duty to Plaintiff to ensure that any employees, agents and/or subcontractors which it employed to perform work at the Project site were experienced and qualified to perform the assigned work, including ensuring adequately trained, skilled, and competent to perform the assigned work, but breached that duty.

9

EXHIBIT 1

69.    Ascend breached its duty to Plaintiff by failing to have a competent supervisor on site capable of identifying and correcting the unsafe conditions presented by the trench.

70.    Ascend knew or should have known that there were soft/very loose subgrade soils on the Project site and that close monitoring of construction operations, particularly relating to excavation work, was needed on site, but failed to ensure that competent supervision was provided for the excavation work for the safety of the premises under Ascend's control.

71.    Ascend failed to properly vet its subcontractors to ensure that its subcontractors and/or agents were adequately experienced and qualified to perform the assigned work.

72.    Ascend assumed safety duties relating to the work performed at the Project.

73.    Ascend owed a duty to ensure that proper safety techniques and protections were utilized at the Project site at all times during all phases of the Project but breached that duty as it relates to necessary safety practices and protections relating to the trench in which Plaintiff was working.

74.    The negligent and reckless actions of Ascend were the direct and proximate cause of the injuries to Plaintiff and caused Plaintiff to suffer damages, including physical pain and suffering, past and future, mental pain and suffering, past and future, permanent injuries, loss of earnings/time, impairment of earning capacity, and expenses for necessary medical care, treatment and services, past and future.

75.    Ascend is directly and vicariously liable for Plaintiff's injuries and the damages he suffered as a result of his injuries.

76.    Ascend's actions and omissions were grossly negligent, reckless, willful and wanton justifying an award of punitive damages and lifting any cap of damages in favor of Plaintiff.

10

EXHIBIT 1

77.     Ascend knew or should have known the premises, working conditions, earthwork conditions, and methods of work were not safe but directed, ordered, and allowed Plaintiff and others to continue work at the Project site, putting Plaintiff at risk of serious bodily injury and/or death.

78.     Specifically, Ascend knew and understood the dangerous nature of working in a trench without installation and use of safety protections, like shoring, but willfully disregarded that knowledge and directed and permitted Plaintiff, and others, to continue working in and around that dangerous condition.

79.     The wrongful acts and omissions of Ascend were intentional, willful, wanton, malicious, and evidence gross negligence and a reckless disregard of the rights of others, including Plaintiff, without just cause or excuse, entitling Plaintiff to an award of punitive damages so as to punish Defendant Ascend and deter others from engaging in such wrongful conduct.

80.     Ascend was either aware or did not care that, in light of its negligent conduct, there was a substantial and unnecessary risk of serious harm to another person, such that a jury should give punitive damages with no cap in place for the sake of example and by way of punishing Defendant Ascend and deterring others from engaging in such wrongful conduct.

## SECOND CLAIM FOR RELIEF

### NEGLIGENCE (Defendant Standard

Plaintiff hereby incorporates all other paragraphs of this Petition as though fully set forth herein.

81.     Standard, and its employees and/or agents, failed to exercise ordinary professional skill and diligence in rendering their professional services during its work on the Project.

82.     Defendant Standard knew or should have known in the exercise of reasonable and ordinary care and diligence that the Trench condition at the Project site posed an unreasonable and

11

EXHIBIT 1

imminent risk of serious bodily injury or death to others, but failed to exercise reasonable care in alerting Integrity, Plaintiff, or others on the Project site.

83.     Defendant Standard was or should have been on notice that there were soft/very loose subgrade soils on the Project site and that close monitoring of construction operations, particularly relating to excavation work, was needed on site, but failed to exercise ordinary and reasonable care in performing its services on site.

84.     The risks associated with the open trench and the lack of protective measures was foreseeable to Defendant Standard.

85.     Standard assumed the duty of inspecting the geophysical conditions at the Project site and was required to conduct its services in accordance with industry standards and with reasonable care and diligence.

86.     Standard failed to exercise reasonable care in the performance of that duty, instead permitting Plaintiff to work under conditions in which it was certain and/or substantially certain that a worker on site, like Plaintiff, would be seriously injured or killed.

87.     Defendant Standard's breach of its duty of care to Plaintiff and others at the Project site, caused and/or contributed to the dangerous site condition, which directly and proximately caused Plaintiff to suffer catastrophic, life-threatening, and permanent injuries.

88.     The negligent and reckless actions of Standard were the direct and proximate cause of the injuries to Plaintiff and caused Plaintiff to suffer damages, including physical pain and suffering, past and future, mental pain and suffering, past and future, permanent injuries, loss of earnings/time, impairment of earning capacity, and expenses for necessary medical care, treatment and services, past and future.

12

EXHIBIT 1

89.     Standard's actions and omissions were grossly negligent, reckless, willful and wanton justifying an award of punitive damages and lifting any cap of damages in favor of Plaintiff.

90.     Standard knew or should have known the premises, working conditions, earthwork conditions, and methods of work were not safe but directed, ordered, and allowed Plaintiff and others to continue work at the Project site, putting Plaintiff at risk of serious bodily injury and/or death.

91.     Specifically, Standard knew and understood the dangerous nature of working in a trench without installation and use of safety protections, like shoring, but willfully disregarded that knowledge and directed and permitted Plaintiff, and others, to continue working in and around that dangerous condition.

92.     The wrongful acts and omissions of Standard were intentional, willful, wanton, malicious, and evidence gross negligence and a reckless disregard of the rights of others, including Plaintiff, without just cause or excuse, entitling Plaintiff to an award of punitive damages so as to punish Defendant Standard and deter others from engaging in such wrongful conduct.

93.     Standard was either aware or did not care that, in light of its negligent conduct, there was a substantial and unnecessary risk of serious harm to another person, such that a jury should give punitive damages with no cap in place for the sake of example and by way of punishing Defendant Standard and deterring others from engaging in such wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff James Dean prays for judgment against each and every of the above-named Defendants individually in an amount in excess of $75,000.00, for all economic and non-economic damages recoverable, including punitive damages, together with costs, attorney's fees, pre and post judgment interest, and any and all further damages and/or relief

13

EXHIBIT 1

allowed whether based in law or equity which the Court deems just based upon the evidence presented.

Respectfully submitted,

_____
Reggie N. Whitten, OBA # 9576
Michael Burrage, OBA # 1350
Heather Strohmeyer, OBA # 30745
Dilan A. Lyda, OBA # 34710
WHITTEN BURRAGE
512 N. Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:    (405) 516-7800
Facsimile:    (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
hstrohmeyer@whittenburragelaw.com
dlyda@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS' LIEN CLAIMED.**
**JURY TRIAL DEMANDED.**

14

EXHIBIT 1